# STATE COURT PLEADINGS

IN THE TENTH JUDICIAL CIRCUIT COURT OF FLORIDA
IN AND FOR HARDEE, HIGHLANDS, AND POLK COUNTIES FLORIDA

ADMINISTRATIVE ORDER NO. 3-42.2

**IN RE: CIVIL CASE MANAGEMENT AND IMPLEMENTATION
OF CIVIL DIFFERENTIATED CASE MANAGEMENT**

**WHEREAS**, the Florida Supreme Court issued *In Re: Amendments to Florida Rules of Civil Procedure*, No. SC2023-0962 (May 23, 2024), to "create a framework for the active case management of civil cases with a focus on adhering to deadlines established early based on the complexity of the case, while providing room for customization by judicial circuit[s] give[n] the varying levels of volume, resources, and available automation."

**WHEREAS**, rule 2.250, Florida Rules of General Practice and Judicial Administration, establishes reasonable time standards for the completion of cases in the trial courts.

**WHEREAS**, the procedures provided herein will improve the Court's ability as required by rule 2.545, Florida Rules of General Practice and Judicial Administration, to provide effective, early, and continuous control of case processing to ensure fair and prompt resolution of disputes consistent with the nature and complexity of the case.

**WHEREAS**, the procedures provided herein are intended to assist the participants to proactively manage time and resources during the litigation process, reduce the need for hearing time, avoid the unnecessary stress that arises during final trial preparations, and reduce the number of trial cases continued by identifying known deadlines and expectations.

**WHEREAS**, pursuant to SC2023-0962, "[u]nder rewritten rule 1.200, [Florida Rules of Civil Procedure,] the chief judge of each circuit is required to enter an administrative order addressing certain case management requirements."

**WHEREAS**, in accordance with the authority vested in the chief judge pursuant to Article V, section 2(d) of the Florida Constitution, sections 40.001 and 43.26, Florida Statutes, and rule 2.215, Florida Rules of General Practice and Judicial Administration, it is hereby

**ORDERED** as follows:

1. Applicability: Pursuant to rule 1.200(a), Florida Rules of Civil Procedure, this Administrative Order applies to all civil cases filed in both the circuit and county courts, with the following exceptions:

    a. actions subject to § 51.011, Florida Statutes;

    b. actions subject to § 45.075, Florida Statutes;

    c. actions subject to the Small Claims Rules, unless the action has been ordered to proceed under one or more of the Florida Rules of Civil Procedure and the deadline for the trial date specified in rule 7.090(d), Florida Small Claims Rules, is no longer applicable;

    d. actions initiated under chapters 731-736, 738, and 744, Florida Statutes;

    e. actions for review of administrative proceedings;

    f.   eminent domain actions under article X, section 6 of Florida Constitution or chapters 73 and 74, Florida Statutes;

    g.   forfeiture actions in rem arising from a state statute;

    h.   habeas corpus petitions or any other proceeding challenging a criminal conviction or sentence;

    i.   actions brought by pro se persons in the custody of the United States, a state, or a state subdivision;

    j.   actions to enforce or quash an administrative summons or subpoena;

    k.   a proceeding ancillary to a proceeding in another court;

    l.   actions to enforce an arbitration award;

    m.   extraordinary writ actions under rule 1.630, Florida Rules of Civil Procedure;

    n.   actions to confirm or enforce foreign judgments;

    o.   actions under chapter 56, Florida Statutes;

    p.   civil actions pending in a specialty division of the Court that was established by a circuit court administrative order or local rule and that enters case management orders;

    q.   proceedings under chapter 415, Florida Statutes, and sections 393.12 and 825.1035, Florida Statutes; and

    r.   claims requiring expedited or priority resolution under applicable statute or rule.

2. <u>Case Management Track Determination</u>: Plaintiff shall, at the onset and based on the definitions outlined below, determine the appropriate case management track for the case: streamlined, general, or complex. The Court preapproves by this Administrative Order the attached Civil Case Management Plan (Attachment A). Plaintiff shall file the **completed** preapproved Civil Case Management Plan in the case at the same time as the civil cover sheet, complaint, and summons(es) to be served upon all defendants. An explanation of how to utilize Attachment A is attached as Attachment B. A separate order approving the Civil Case Management Plan is not necessary because the plan in Attachment A is preapproved by this Administrative Order.

    a.   *Streamlined Cases*: will be circuit civil non-jury cases (if agreed to), all foreclosure cases, county civil jury and non-jury cases, small claims cases where the Florida Rules of Civil Procedure have been invoked, and uncontested cases. Streamlined cases will be on track for disposition 12 months from the date of service of initial process on the last defendant or 120 days after the commencement of the action, whichever occurs first. Pursuant to rule 1.200(b)(2), Florida Rules of Civil Procedure, "[s]treamlined' cases are actions that reflect some mutual knowledge about the underlying facts, have limited needs for discovery, well-established legal issues related to liability and damages, few anticipated dispositive pretrial motions, minimal documentary evidence, and an anticipated trial length of no more than 3

days."

b. *General Cases*: will be Circuit Civil Jury cases, Circuit Civil Non-Jury cases and will be on track for disposition 18 months from the date of service of initial process on the last defendant or 120 days after the commencement of the action, whichever occurs first. Pursuant to rule 1.200(b)(3), Florida Rules of Civil Procedure, "[g]eneral' cases are all other actions that do not meet the criteria for streamlined or complex."

c. *Complex Cases*: Parties seeking to have a case designated as complex must initially file and serve the General Track Case Management Plan and Order and thereafter comply with rule 1.201, Florida Rules of Civil Procedure, by filing an appropriate motion to declare the case complex.

3. Filings: Initial pleadings that do not include the preapproved Civil Case Management Plan will not be accepted by the Clerk of the Circuit Court. The Clerk of the Circuit Court will notify the filer that the initial pleading is not being accepted for filing until the preapproved Civil Case Management Plan has been filed.

4. Deadlines:

a. The following minimum deadlines are included in the Civil Case Management Plan for streamlined and general cases:

   i.   Deadline for service of complaints;

   ii.  Deadline for service under extensions;

   iii. Deadline for adding new parties;

   iv.  Deadline for completion of fact discovery;

   v.   Deadline for completion of expert discovery;

   vi.  Deadline for filing and service of motions for summary judgment;

   vii. Deadline for filing and resolution of all objections to the pleadings;

   viii. Deadline for filing and resolution of all pretrial motions; and

   ix.  Deadline for completion of alternative dispute resolution.

b. The above minimum deadlines, plus the additional deadlines provided for in rule 1.201(c), Florida Rules of Civil Procedure, will be included in an amended civil case management plan for complex cases following completion of the initial case management conference.

5. Extensions and Modifications of Deadlines:

a. If all parties agree to an extension of an individual deadline and the extension will not affect compliance with the remaining deadline(s), the parties may submit a motion and stipulated order granting extension of the deadline. If extending the individual deadline will or may

affect compliance with a remaining deadline(s), then the parties must move to amend the preapproved Case Management Plan.

b   To change an actual trial period that has been set, the parties must comply with rule 1.460, Florida Rules of Civil Procedure. If the trial period is still a projection, the parties may move to change the projected trial period as provided below in section 5.c.

c   Extensions and amendments to a preapproved Case Management Plan or projected trial period will be ruled on by the assigned judge upon either party filing a proper motion. Pursuant to rule 1.200(e)(3), Florida Rules of Civil Procedure, the motion must include the following:

    i.   the reason the extension is needed, including when the reason became known to the movant;

    ii.  if the motion is opposed;

    iii. the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

    iv.  the action and specific date(s) for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as a third-party witnesses or experts are available.

6.  Trial Order: A Trial Order setting the actual trial period will be issued no later than 45 days prior to the projected trial date. The Trial Order will provide:

    a.  The trial period;

    b.  The pre-trial date and time;

    c.  The timeframe for the parties to meet and exchange of exhibits;

    d.  The pre-trial statement requirements and required filing date;

    e.  Any other trial requirements set forth by the assigned judge.

7.  Small Claims Cases: The party invoking the Florida Rules of Civil Procedure must submit a written order invoking the rules along with a case management plan.

8.  Change of Status of a Case: If the status of a case is changed from "active" to "inactive" due to rule, statute, or the request of a party, a new case management plan must be filed once the case status is changed back to "active."

9.  Setting Action for Trial: If either party determines that the case is ready to be tried before the projected trial date, a motion for trial may be filed and the Court may enter an order setting an earlier trial period. The Court may also set an earlier trial period on its own initiative.

10. Judges within the Tenth Judicial Circuit are directed to strictly comply with rules 2.545(a), (b), and (c), Florida Rules of General Practice and Judicial Administration, which respectively

require judges to conclude litigation as soon as it is reasonable and justly possible to do so, to take charge of all cases at an early stage, and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

11. <u>Effective Date</u>:  This Administrative Order VACATES and SUPERCEDES Administrative Order No. 3-42.1, entered on December 18, 2024, and is effective upon signing.

DONE AND ORDERED on this _____ day of March, 2025.


s/JAMES A. YANCEY, Chief Judge


Original: Polk County Clerk of Court

Distribution:
All Circuit and County Judges
Trial Court Administrator
Hardee County Clerk of Court
Highlands County Clerk of
Court
Polk County Clerk of Court
Case Managers
Electronic Bar Mailing

Page 5 of 9

ATTACHMENT A

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR _POLK_ COUNTY, FLORIDA

_Zaira Medina-Rodriguez Diaz_
         Plaintiff, + Melissa Vazquez Diaz

_Board of Trustees, Florida_
         Defendant.
_Polytechnic University_

### CIVIL CASE MANAGEMENT PLAN

I.    **Case Track Assignment** (track must be selected with a "check mark" or "X"): Case disposition times for all case tracks have been established in accordance with rule 2.250(a)(1)(B), Florida Rules of General Practice and Judicial Administration.

_____   Streamlined Track (Case to be resolved within 12 months date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, Florida Rules of Civil Procedure, whichever occurs first, to final disposition).

   ✓   General Track (Case resolved within 18 months from date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, whichever occurs first, to final disposition).

_____   Complex Track (Case resolved within 30 months from date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, whichever occurs first, to final disposition).

II.   **Trial Information**

   • **Projected date for trial [MONTH AND YEAR]** (a fixed trial date will be ordered by the presiding judge pursuant to rule 1.440, Florida Rules of Civil Procedure)

   _____

   • **Estimated Length of Trial** (specify the number of trial days): _3_____

   • **Identification of Jury or Non-Jury Trial:** _____

Pursuant to rule 1.440, no later than 45 days prior to the projected trial date, the Court will enter an order setting the actual trial period. If either party determines that the case is ready to be tried before the projected trial date, a motion for trial may be filed and the Court may enter an order setting an earlier trial period. The Court may also set an earlier trial period on its own initiative.

III.  **Case Deadlines and Events:**

   1. **Deadlines for service of complaints, service under extensions, and adding new parties:**

Page 6 of 9

2025CA-001620-A000-BA          Received in Polk 04/29/2025 05:57 PM

- All tracks: Within 120 days of the date the complaint was filed, unless the court grants an extension, which shall not exceed 240 days after the date the complaint was filed.

2. **Deadlines to complete fact and expert discovery:**

   - Streamlined: Within 270 days of the date the complaint was filed
   - General: Within 450 days of the date the complaint was filed

3. **Deadlines for resolution of all objections to pleadings and resolution to all pretrial motions, including Motions for Summary Judgment:**

   - All tracks: Hearings on motions/objection are to be *scheduled* within 45 days of the date the objection or pretrial motion was filed but may take place after 45 days of the date the objection or pretrial motion was filed. No motions/objections will be heard after pretrial conference.

4. **Deadline for alternative dispute resolution to have occurred**

   - Streamlined: Within 270 days of the date the complaint was filed.
   - General: Within 450 days of the date the complaint was filed.

The schedule of deadlines herein will be strictly adhered to by the parties unless change is otherwise agreed to by the parties and approved by the Court. The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability. However, upon the filing of the initial Civil Case Management Plan and any other Court-approved changes thereafter, procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines. The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings and/or a dismissal of the action.

**SIGNATURE OF COUNSEL/UNREPRESENTED PARTIES IF SUBMITTED AS AGREED UPON PLAN**

_____        _____
Plaintiff Counsel/Self Represented Litigant        Defense Counsel/Self Represented Litigant
Address:                                           Address:
Phone:                                             Phone:
E-mail:                                            E-mail:
Fla Bar #:                                         Fla Bar #:

--

IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT, IN AND
FOR POLK COUNTY, FLORIDA

**ZAIRA MEDINA-RODRIGUEZ and
MELISSA VAZQUEZ DIAZ**

      **CASE NO.: 25-CA-
FLA BAR NO.: 0739685**

      **Plaintiff,**

**v.**

**BOARD OF TRUSTEES, FLORIDA
POLYTECHNIC UNIVERSITY,**

          **SUMMONS**

      **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **BOARD OF TRUSTEES, FLORIDA
POLYTECHNIC UNIVERSITY
c/o BETH KIGEL – CHAIR
4700 RESEARCH WAY
LAKELAND, FL 33805**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

## STACY M. BUTTERFIELD

DATED on <u>04/30/2025</u>, 2025.

CLERK OF THE CIRCUIT COURT

By: _____

--

**IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT, IN AND
FOR POLK COUNTY, FLORIDA**

**ZAIRA MEDINA-RODRIGUEZ and
MELISSA VAZQUEZ DIAZ**                    **CASE NO.: 25-CA-1620**

       **Plaintiff,**

**v.**

**BOARD OF TRUSTEES, FLORIDA
POLYTECHNIC UNIVERSITY,**

       **Defendant.**

_____/

**NOTICE OF APPEARANCE AND DESIGNATION  OF PRIMARY AND
SECONDARY E-MAIL ADDRESSES**

The undersigned, Jim Garrity, now appears as counsel of record for Plaintiff. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates his primary and secondary e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on him at the following Primary and Secondary e-mail addresses listed below. Where  service of hard copies is to be made in addition to the e-mail service, counsel requests  that the copies be served on him at the physical address listed below.

    E-Mail Addresses:   Jim@JimGarrityLaw.com
                           Elizabeth@MattoxLaw.com

                   Respectfully submitted

                    /s/    Jim Garrity
                   Jim Garrity (FBN: 539211)
                   MARIE A. MATTOX, P. A.
                   203 North Gadsden Street
                   Tallahassee, FL 32301
                   Telephone: ( 850) 383-4800

--

Filing # 222418169 E-Filed 05/05/2025 01:43:24 PM

IN THE  COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

CASE NUMBER: 53-2025-CA-001620-A000-BA
04

MEDINA-RODRIGUEZ, ZAIRA
DIAZ, MELISSA VASQUEZ,
   Plaintiff,

-vs-

BOARD OF TRUSTEES, FLORIDA POLYTECHNIC UNIVERSITY,
   Defendant.

### ORDER DIRECTING PLAINTIFF TO FULLY COMPLY AND AMEND PROPOSED CIVIL CASE MANAGEMENT PLAN

   **THIS CAUSE** came before this Court for review of the proposed Civil Case Management Plan submitted Tuesday, April 29, 2025. **Upon review of said proposed plan, it appears Plaintiff failed to fully comply with the requirements pursuant to Administrative Order 3-42.2 by submitting without track designation, a projected trial period (month and year), estimated length of trial, and/or an indication of whether or not a Jury Trial is demanded.**

Plaintiff shall submit to the Court an amended and/or completed proposed Civil Case Management Plan and Order approving (Word format). Example Civil Case Management Plan and Order is provided in Administrative Order 3-42.2.

- A copy of Administrative Order 3-42.2 can be found at the following web address:
  **https://www.jud10.flcourts.org/sites/default/files/adminOrders/AO_3-42.2.pdf**

Plaintiff shall electronically submit the proposed Case Management Order with the Case Management Plan consistent with the procedures identified in Administrative Order 1-61.1.

- A copy of which can be found at the following web address:
  **https://www.jud10.flcourts.org/sites/default/files/adminOrders/AO_1-61.1.pdf**

Proposed plans **must** comply with all requirements pursuant to Administrative Order 3-42.2. Proposed plans that fail to fully comply with all of the requirements of the Administrative Order must be amended. Therefore, it is

   **ORDERED** that Plaintiff must amend and file a fully compliant proposed Civil Case Management Plan within 10 days of the date of this order. Failure to comply with this order may result in the dismissal of this action without further notice or hearing.

2025CA-001620-A000-BA      **Received in Polk 05/05/2025 02:48 PM**

**ORDERED** in Bartow, Polk County, Florida on this Monday, May 5, 2025.

53-2025-CA-001620-A000-BA 05/05/2025 01:09:09 PM

Michael McDaniel, Circuit Judge
53-2025-CA-001620-A000-BA 05-05-2025 01:09:09 PM

MATTOX MARIE A
marie@mattoxlaw.com
michelle@mattoxlaw.com
marlene@mattoxlaw.com

**2025CA-001620-A000-BA          Received in Polk 05/05/2025 02:48 PM**

--

Filing # 222450028 E-Filed 05/05/2025 04:48:21 PM

IN THE CIRCUIT COURT OF
THE TENTH JUDICIAL
CIRCUIT, IN AND FOR POLK
COUNTY, FLORIDA

ZAIRA MEDINA-RODRIGUEZ and
MELISSA VAZQUEZ DIAZ

        Plaintiff,

v.

BOARD OF TRUSTEES, FLORIDA
POLYTECHNIC UNIVERSITY,

        Defendant.

_____/

CASE NO.: 25-CA-1620
FLA BAR NO.: 0739685

### PLAINTIFFS NOTICE OF FILING

Plaintiffs, **ZAIRA MEDINA-RODRIGUEZ and MELISSA VAZQUEZ DIAZ**, through their counsel, files the response in compliance with the Show Cause Order entered on May 5, 2025, and is attached hereto as Exhibit A.

Respectfully submitted,

s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
ATTORNEYS FOR APPELLANT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic transmission to all counsel of record via Florida E-Filing Portal this 5th day of May 2025

s/ Marie A. Mattox
Marie A. Mattox

IN THE TENTH JUDICIAL CIRCUIT COURT OF FLORIDA
IN AND FOR HARDEE, HIGHLANDS, AND POLK COUNTIES FLORIDA

ADMINISTRATIVE ORDER NO. 3-42.2

**IN RE: CIVIL CASE MANAGEMENT AND IMPLEMENTATION
OF CIVIL DIFFERENTIATED CASE MANAGEMENT**

**WHEREAS**, the Florida Supreme Court issued *In Re: Amendments to Florida Rules of Civil Procedure*, No. SC2023-0962 (May 23, 2024), to "create a framework for the active case management of civil cases with a focus on adhering to deadlines established early based on the complexity of the case, while providing room for customization by judicial circuit[s] give[n] the varying levels of volume, resources, and available automation."

**WHEREAS**, rule 2.250, Florida Rules of General Practice and Judicial Administration, establishes reasonable time standards for the completion of cases in the trial courts.

**WHEREAS**, the procedures provided herein will improve the Court's ability as required by rule 2.545, Florida Rules of General Practice and Judicial Administration, to provide effective, early, and continuous control of case processing to ensure fair and prompt resolution of disputes consistent with the nature and complexity of the case.

**WHEREAS**, the procedures provided herein are intended to assist the participants to proactively manage time and resources during the litigation process, reduce the need for hearing time, avoid the unnecessary stress that arises during final trial preparations, and reduce the number of trial cases continued by identifying known deadlines and expectations.

**WHEREAS**, pursuant to SC2023-0962, "[u]nder rewritten rule 1.200, [Florida Rules of Civil Procedure,] the chief judge of each circuit is required to enter an administrative order addressing certain case management requirements."

**WHEREAS**, in accordance with the authority vested in the chief judge pursuant to Article V, section 2(d) of the Florida Constitution, sections 40.001 and 43.26, Florida Statutes, and rule 2.215, Florida Rules of General Practice and Judicial Administration, it is hereby

**ORDERED** as follows:

1. Applicability: Pursuant to rule 1.200(a), Florida Rules of Civil Procedure, this Administrative Order applies to all civil cases filed in both the circuit and county courts, with the following exceptions:

   a. actions subject to § 51.011, Florida Statutes;

   b. actions subject to § 45.075, Florida Statutes;

   c. actions subject to the Small Claims Rules, unless the action has been ordered to proceed under one or more of the Florida Rules of Civil Procedure and the deadline for the trial date specified in rule 7.090(d), Florida Small Claims Rules, is no longer applicable;

   d. actions initiated under chapters 731-736, 738, and 744, Florida Statutes;

   e. actions for review of administrative proceedings;

f.   eminent domain actions under article X, section 6 of Florida Constitution or chapters 73 and 74, Florida Statutes;

g.   forfeiture actions in rem arising from a state statute;

h.   habeas corpus petitions or any other proceeding challenging a criminal conviction or sentence;

i.   actions brought by pro se persons in the custody of the United States, a state, or a state subdivision;

j.   actions to enforce or quash an administrative summons or subpoena;

k.   a proceeding ancillary to a proceeding in another court;

l.   actions to enforce an arbitration award;

m.   extraordinary writ actions under rule 1.630, Florida Rules of Civil Procedure;

n.   actions to confirm or enforce foreign judgments;

o.   actions under chapter 56, Florida Statutes;

p.   civil actions pending in a specialty division of the Court that was established by a circuit court administrative order or local rule and that enters case management orders;

q.   proceedings under chapter 415, Florida Statutes, and sections 393.12 and 825.1035, Florida Statutes; and

r.   claims requiring expedited or priority resolution under applicable statute or rule.

2.  <u>Case Management Track Determination</u>: Plaintiff shall, at the onset and based on the definitions outlined below, determine the appropriate case management track for the case: streamlined, general, or complex. The Court preapproves by this Administrative Order the attached Civil Case Management Plan (Attachment A). Plaintiff shall file the **completed** preapproved Civil Case Management Plan in the case at the same time as the civil cover sheet, complaint, and summons(es) to be served upon all defendants. An explanation of how to utilize Attachment A is attached as Attachment B. A separate order approving the Civil Case Management Plan is not necessary because the plan in Attachment A is preapproved by this Administrative Order.

a.   *Streamlined Cases*: will be circuit civil non-jury cases (if agreed to), all foreclosure cases, county civil jury and non-jury cases, small claims cases where the Florida Rules of Civil Procedure have been invoked, and uncontested cases. Streamlined cases will be on track for disposition 12 months from the date of service of initial process on the last defendant or 120 days after the commencement of the action, whichever occurs first. Pursuant to rule 1.200(b)(2), Florida Rules of Civil Procedure, "[s]treamlined' cases are actions that reflect some mutual knowledge about the underlying facts, have limited needs for discovery, well-established legal issues related to liability and damages, few anticipated dispositive pretrial motions, minimal documentary evidence, and an anticipated trial length of no more than 3

days."

b.  *General Cases*: will be Circuit Civil Jury cases, Circuit Civil Non-Jury cases and will be on track for disposition 18 months from the date of service of initial process on the last defendant or 120 days after the commencement of the action, whichever occurs first. Pursuant to rule 1.200(b)(3), Florida Rules of Civil Procedure, "[g]eneral' cases are all other actions that do not meet the criteria for streamlined or complex."

c.  *Complex Cases*: Parties seeking to have a case designated as complex must initially file and serve the General Track Case Management Plan and Order and thereafter comply with rule 1.201, Florida Rules of Civil Procedure, by filing an appropriate motion to declare the case complex.

3.  Filings: Initial pleadings that do not include the preapproved Civil Case Management Plan will not be accepted by the Clerk of the Circuit Court. The Clerk of the Circuit Court will notify the filer that the initial pleading is not being accepted for filing until the preapproved Civil Case Management Plan has been filed.

4.  Deadlines:

    a. The following minimum deadlines are included in the Civil Case Management Plan for streamlined and general cases:

        i.    Deadline for service of complaints;

        ii.   Deadline for service under extensions;

        iii.  Deadline for adding new parties;

        iv.   Deadline for completion of fact discovery;

        v.    Deadline for completion of expert discovery;

        vi.   Deadline for filing and service of motions for summary judgment;

        vii.  Deadline for filing and resolution of all objections to the pleadings;

        viii. Deadline for filing and resolution of all pretrial motions; and

        ix.   Deadline for completion of alternative dispute resolution.

    b.  The above minimum deadlines, plus the additional deadlines provided for in rule 1.201(c), Florida Rules of Civil Procedure, will be included in an amended civil case management plan for complex cases following completion of the initial case management conference.

5.  Extensions and Modifications of Deadlines:

    a   If all parties agree to an extension of an individual deadline and the extension will not affect compliance with the remaining deadline(s), the parties may submit a motion and stipulated order granting extension of the deadline. If extending the individual deadline will or may

affect compliance with a remaining deadline(s), then the parties must move to amend the preapproved Case Management Plan.

b    To change an actual trial period that has been set, the parties must comply with rule 1.460, Florida Rules of Civil Procedure. If the trial period is still a projection, the parties may move to change the projected trial period as provided below in section 5.c.

c    Extensions and amendments to a preapproved Case Management Plan or projected trial period will be ruled on by the assigned judge upon either party filing a proper motion. Pursuant to rule 1.200(e)(3), Florida Rules of Civil Procedure, the motion must include the following:

    i.    the reason the extension is needed, including when the reason became known to the movant;

    ii.    if the motion is opposed;

    iii.    the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

    iv.    the action and specific date(s) for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as a third-party witnesses or experts are available.

6.    Trial Order: A Trial Order setting the actual trial period will be issued no later than 45 days prior to the projected trial date. The Trial Order will provide:

a.    The trial period;

b.    The pre-trial date and time;

c.    The timeframe for the parties to meet and exchange of exhibits;

d.    The pre-trial statement requirements and required filing date;

e.    Any other trial requirements set forth by the assigned judge.

7.    Small Claims Cases: The party invoking the Florida Rules of Civil Procedure must submit a written order invoking the rules along with a case management plan.

8.    Change of Status of a Case: If the status of a case is changed from "active" to "inactive" due to rule, statute, or the request of a party, a new case management plan must be filed once the case status is changed back to "active."

9.    Setting Action for Trial: If either party determines that the case is ready to be tried before the projected trial date, a motion for trial may be filed and the Court may enter an order setting an earlier trial period. The Court may also set an earlier trial period on its own initiative.

10.    Judges within the Tenth Judicial Circuit are directed to strictly comply with rules 2.545(a), (b), and (c), Florida Rules of General Practice and Judicial Administration, which respectively

require judges to conclude litigation as soon as it is reasonable and justly possible to do so, to take charge of all cases at an early stage, and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

11. <u>Effective Date</u>:  This Administrative Order VACATES and SUPERCEDES Administrative Order No. 3-42.1, entered on December 18, 2024, and is effective upon signing.

DONE AND ORDERED on this _____day of March, 2025.


<u>s/JAMES A. YANCEY, Chief Judge</u>


Original: Polk County Clerk of Court

Distribution:
All Circuit and County Judges
Trial Court Administrator
Hardee County Clerk of Court
Highlands County Clerk of
Court
Polk County Clerk of Court
Case Managers
Electronic Bar Mailing

ATTACHMENT A

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

ZAIRA MEDINA-ROGRIQUEZ

MELISSA VAZQUEZ DIAZ

       Plaintiff,

v.

BOARD OF TRUSTEES, FLORIDA POLYTECHNIC
       Defendant.
UNIVERSITY           /

### CIVIL CASE MANAGEMENT PLAN

I. **Case Track Assignment** (track must be selected with a "check mark" or "X"): Case disposition times for all case tracks have been established in accordance with rule 2.250(a)(1)(B), Florida Rules of General Practice and Judicial Administration.

    _____ <u>Streamlined Track</u> (Case to be resolved within 12 months date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, Florida Rules of Civil Procedure, whichever occurs first, to final disposition).

    <u>XXXXX</u> <u>General Track</u> (Case resolved within 18 months from date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, whichever occurs first, to final disposition).

    _____ <u>Complex Track</u> (Case resolved within 30 months from date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, whichever occurs first, to final disposition).

II. **Trial Information**

- **Projected date for trial [MONTH AND YEAR]** (a fixed trial date will be ordered by the presiding judge pursuant to rule 1.440, Florida Rules of Civil Procedure)
  <u>JUNE 2026</u>

- **Estimated Length of Trial** (specify the number of trial days): <u>3 DAYS</u>

- **Identification of Jury or Non-Jury Trial**: <u>JURY TRIAL</u>

Pursuant to rule 1.440, no later than 45 days prior to the projected trial date, the Court will enter an order setting the actual trial period. If either party determines that the case is ready to be tried before the projected trial date, a motion for trial may be filed and the Court may enter an order setting an earlier trial period. The Court may also set an earlier trial period on its own initiative.

III. **Case Deadlines and Events:**

    1. **Deadlines for service of complaints, service under extensions, and adding new parties**:

Page 6 of 7

- All tracks: Within 120 days of the date the complaint was filed, unless the court grants an extension, which shall not exceed 240 days after the date the complaint was filed.

2. **Deadlines to complete fact and expert discovery:**

   - Streamlined: Within 270 days of the date the complaint was filed
   - General: Within 450 days of the date the complaint was filed

3. **Deadlines for resolution of all objections to pleadings and resolution to all pretrial motions, including Motions for Summary Judgment:**

   - All tracks: Hearings on motions/objection are to be *scheduled* within 45 days of the date the objection or pretrial motion was filed but may take place after 45 days of the date the objection or pretrial motion was filed. No motions/objections will be heard after pretrial conference.

4. **Deadline for alternative dispute resolution to have occurred**

   - Streamlined: Within 270 days of the date the complaint was filed.
   - General: Within 450 days of the date the complaint was filed.

The schedule of deadlines herein will be strictly adhered to by the parties unless change is otherwise agreed to by the parties and approved by the Court. The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability. However, upon the filing of the initial Civil Case Management Plan and any other Court-approved changes thereafter, procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines. The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings and/or a dismissal of the action.

**SIGNATURE OF COUNSEL/UNREPRESENTED PARTIES IF SUBMITTED AS AGREED UPON PLAN**

**/S/MARIE A. MATTOX**
_____          _____

Plaintiff Counsel/Self Represented Litigant          Defense Counsel/Self Represented Litigant
Address:                                                                Address:
Phone:                                                                  Phone:
E-mail:                                                                  E-mail:
Fla Bar #:                                                              Fla Bar #

2025CA-001620-A000-BA          Received in Polk 05/05/2025 06:55 PM

--

Filing # 223154073 E-Filed 05/14/2025 09:40:53 PM

# VERIFIED RETURN OF SERVICE

Job # T251745

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| ZAIRA MEDINA-RODRIGUEZ and MELISSA VAZQUEZ DIAZ | |
| -versus- | County of Polk, Florida |
| **DEFENDANT:** | Court Case # **25-CA-1620** |
| BOARD OF TRUSTEES, FLORIDA POLYTECHNIC UNIVERSITY | |

**Service Info:**

**Received by KATHRYN VILLA: on May, 13th 2025 at 09:30 AM**
**Service:** I Served **DEPARTMENT OF RISK MANAGEMENT DEPARTMENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLAINT; ADMINISTRATIVE ORDER NO. 3-42.2 (2); CIVIL CASE MANAGEMENT PLAN (2)**
by leaving with **JONATHAN DOSTER, PROCESS AGENT**

**At Business 200 E. GAINES STREET TALLAHASSEE, FL 32399**
On **5/13/2025** at **01:55 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*Kathryn Villa*

KATHRYN VILLA
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T251745**    Client Ref # **ZAIRA MEDINA-RODRIGUEZ and MELISSA VAZQUEZ DIAZ**

  

1 of 1

MILITARY: NA
MARITAL STATUS: NA

IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT, IN AND
FOR POLK COUNTY, FLORIDA

ZAIRA MEDINA-RODRIGUEZ and
MELISSA VAZQUEZ DIAZ                         CASE NO.: 25-CA-1620
                                            FLA BAR NO.: 0739685
        Plaintiff,

v.

BOARD OF TRUSTEES, FLORIDA
POLYTECHNIC UNIVERSITY,                      SUMMONS

        Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

        **DIVISION OF RISK MANAGEMENT**
        **Department of Financial Services**
        **200 East Gaines Street**
        **Tallahassee, FL 32399**

        Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street,**
**Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

        DATED on     May 08th          , 2025.



                                STACY M. BUTTERFIELD
                                CLERK OF THE CIRCUIT COURT

                                By: _____

--

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

ZAIRA MEDINA-RODRIGUEZ,
and MELISSA VAZQUEZ DIAZ,

      Plaintiffs,                CASE NO.: 25-CA-1620

v.

BOARD OF TRUSTEES,
FLORIDA POLYTECHNIC UNIVERSITY,

      Defendant.

_____/

PLAINTIFFS' MAY 23, 2025, RULE 1.280 DISCLOSURES

Plaintiffs make the following disclosures in accordance with

Florida Rule of Civil Procedure 1.280:

A. Rule 1.280(a) Disclosure

Rule 1.280(a) requires disclosure of the name and, if known, the
address, telephone number, and email address of each individual likely
to have discoverable information—along with the subjects of that
information—that the disclosing party may use to support its claims or
defenses, unless the use would be solely for impeachment:

- Zaira Medina-Rodriguez
  1720 Fruitwood Dr., Lakeland, FL 33805
  (863) 812-2664, zimr26@yahoo.com
  Likely to have knowledge of her employment, termination, and
  alleged gender and national origin discrimination by Defendant.
  She can testify to disparate treatment and retaliation experienced.

1

- Melissa Vazquez Diaz
  1430 W. Oak Dr., Lakeland, FL 33810
  (863) 513-0229
  Likely to have knowledge of her employment, termination, and alleged gender and national origin discrimination. She can testify to the training agenda provided and the discriminatory environment.

- Dr. G. Devin Stephenson
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of the new administration's hiring practices and decisions leading to terminations. He can testify to the onboarding of male employees exclusively.

- Dr. Brad Thiessen
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of Plaintiffs' terminations and the approval of job titles. He can testify to statements made during meetings regarding Plaintiffs' roles.

- Dr. Allen Bottorff
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of decisions regarding Plaintiffs' job offers and terminations. He can testify to discussions about Plaintiffs' roles and salaries.

- Bryan Brooks
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of Eva Porter's resignation and statements alleging Plaintiffs' sabotage. He can testify to his role in Plaintiffs' terminations. Hired from Northwest Florida State College, where Dr. Stephenson was also President.

2

- Eunice Alberson
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of HR decisions regarding Plaintiffs' job
  titles and terminations. She can testify to the rationale for the
  "Interim" designation and job postings.

- Kris Wharton
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of training responsibilities for Eva
  Porter. She can testify to the delay in sharing the training agenda
  provided by Plaintiff Vazquez Diaz.

- Eva Porter
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of her training experience and
  resignation. She can testify to interactions with Plaintiffs
  regarding training support.

- Federico Despiau (Rico D)
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of discussions about the lack of training
  systems. He can testify to Plaintiffs' efforts to address Eva
  Porter's training concerns.

- Penelope Farley
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of Plaintiff Vazquez Diaz's transition to
  the Finance Department. She can testify to training requests sent
  by Plaintiff Medina-Rodriguez.

- Andrea Cashell
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu

3

Likely to have knowledge of training requests for new employees. She can testify to communications from Plaintiff Medina-Rodriguez regarding training.

- Mike Dieckmann
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of IT training requests for new employees. He can testify to Plaintiff Medina-Rodriguez's efforts to arrange training.

- Chantal Cortes
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of her appointment to the Executive Assistant role. She can testify to her qualifications and the timing of her placement post-termination.

- Dr. Tom Dvorske
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his termination and rehiring. He can testify to differential treatment compared to Plaintiffs.

- David Blanton
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8441
  Likely to have knowledge of investigations into Plaintiffs' discrimination claims. He can testify to findings of substantial evidence of wrongdoing.

- David Fugett
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of attempts to negotiate resignations with Plaintiffs. He can testify to the September 25, 2024, Teams meeting discussions.

4

- Dr. Kathryn Miller
  407-494-9909
  Likely to have knowledge of her demotion and termination. She can testify to gender-based discrimination in leadership role changes.

- Dr. Mary Vollaro
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of her removal from Department Chair. She can testify to gender discrimination and replacement by less qualified males.

- Dr. Jon Pawlecki
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his appointment replacing Dr. Miller. He can testify to the circumstances of his role assignment.

- Dr. Matt Bohm
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his appointment as Department Chair. He can testify to replacing Dr. Vollaro.

- Dr. Muhammad Rashid
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his appointment and donation to the University. He can testify to the circumstances of his role assignment.

- Allen Cole
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his onboarding under the new administration. He can testify to the male-only hiring pattern.

Hired from Northwest Florida State College, where Dr. Stephenson was also President.

- Dr. Andy Oguntola
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his onboarding under the new administration. He can testify to the male-only hiring pattern.

- Terry Parker
  303-517-4407
  Likely to have knowledge of Plaintiffs' performance evaluations. He can testify to their exemplary records prior to the new administration. He can testify to the administrative changes and their impact on employees.

- Amelia Ritcher
  407-844-6789
  Likely to have knowledge of her termination and performance issues. She can testify to differential treatment compared to Plaintiffs.

- Ericka Loofe
  863-512-9895
  Likely to have knowledge of the workplace environment. She can testify to the treatment of female employees under the new administration.

- Nicole Tardiff
  978-726-1800
  Likely to have knowledge of her resignation and workplace conditions. She can testify to the discriminatory environment leading to her departure.

- Marcie Hoecker
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of the workplace environment. She can testify to the treatment of female employees.

6

- Randy Avent
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of prior administrative practices. He can
  testify to Plaintiffs' performance before the new administration.

- Christian Heningsmith
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of reassignment to male supervisors. He
  can testify to changes in reporting structure post-termination.

- Karina Garcia-Martinez
  407-718-1477; current address unknown
  Likely to have knowledge of reassignment to male supervisors.
  She can testify to changes in reporting structure post-termination.

- Amanda Blinn
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of reassignment to male supervisors.
  She can testify to changes in reporting structure post-termination.

- Dara Griffis
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of reassignment to male supervisors.
  She can testify to changes in reporting structure post-termination.

- Tina Thomas
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of reassignment to male supervisors.
  She can testify to changes in reporting structure post-termination.

- Fabienne Dupervil
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805

7

(863) 874-8500, hr@floridapoly.edu
Likely to have knowledge of reassignment to male supervisors.
She can testify to changes in reporting structure post-termination.

- Sherri Bougher
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of reassignment to male supervisors.
  She can testify to changes in reporting structure post-termination.

- Patti Huls
  863-640-0288; current address unknown
  Likely to have knowledge of reassignment to male supervisors.
  She can testify to changes in reporting structure post-termination.

- Ian Bentley
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his role as a Department Chair. He
  can testify to the reassignment of direct reports.

- Shahram Taj
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his role as a Department Chair. He
  can testify to the reassignment of direct reports. Dr. Terry Parker
  can testify on HR file regarding Dr. Taj's performance; however,
  he was not terminated.

- Mike Brilleslyper
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his role as a Department Chair. He
  can testify to the reassignment of direct reports.

- Andrew Konapelsky
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu

8

Likely to have knowledge of his role as University Registrar. He can testify to the reassignment of direct reports.

- David Poole
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his role in Enrollment Management. He can testify to the reassignment of direct reports.

- Isabelle Dempsey
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of her resignation. She can testify to the workplace environment leading to her departure.

- Lori Welch
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of her resignation post-meeting with Brooks. She can testify to the circumstances of her departure.

- Dr. Sanna Siddiqui
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of her research recognition disparities. She can testify to gender-based differential treatment in accolades.

- Dr. Christopher Kelley
  In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of his research recognition. He can testify to the administration's preferential treatment of male researchers.

- Brittaney Sottile-Roe In care of Defendant, 4700 Research Way, Lakeland, FL 33805
  (863) 874-8500, hr@floridapoly.edu
  Likely to have knowledge of Plaintiff Vazquez Diaz's transition to

9

the Finance Department. She can testify to discussions about Vazquez Diaz's new role.

B. Rule 1.280(b) Disclosure

Rule 1.280(b) requires a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses unless the use would be solely for impeachment:

Plaintiffs currently have limited documents in their possession, custody, or control, chiefly limited to pay stubs, offer letters, and emails related to their employment and termination with Defendant. Plaintiffs anticipate that other documents will be obtained during discovery and advise that all such documents exchanged during discovery or produced by third parties pursuant to subpoena are likely to be relevant to the disputed facts alleged with particularity in the pleadings.

All of the following documents and categories are in the possession, custody, and control of the Defendant, except where otherwise noted:

- Plaintiffs' personnel files.

- Emails to and from the witnesses listed herein relating to Plaintiffs and the matters alleged in the Complaint.

- Documents relating to Plaintiffs' terminations, including termination letters and internal communications.

- Documents relating to Eva Porter's hiring, training, and resignation.

- Documents relating to the training agenda provided by Plaintiff Vazquez Diaz to Kris Wharton.

- Documents relating to the job postings for Executive Assistant and Interim Executive Assistant positions.

10

- Documents relating to Chantal Cortes' appointment to the Executive Assistant role, including qualifications and job applications.

- Documents relating to the hiring and onboarding of Dr. Brad Thiessen, Bryan Brooks, Cole Allen, and Dr. Andy Oguntola.

- Documents relating to Dr. Tom Dvorske's termination, rehiring, and HR file.

- Documents relating to the removal of Dr. Kathryn Miller and Dr. Mary Vollaro from leadership positions.

- Documents relating to the appointments of Dr. Jon Pawlecki, Dr. Matt Bohm, and Dr. Muhammad Rashid.

- Documents relating to the reassignment of Plaintiff Vazquez Diaz's direct reports to male supervisors.

- Documents relating to the University's anti-discrimination policies and training systems.

- Documents relating to Dr. Muhammad Rashid's donation to the University Foundation and his appointment.

- Documents relating to the recognition of Dr. Sanna Siddiqui and Dr. Christopher Kelley's research awards.

- Meeting notes or recordings from the September 25, 2024, Teams meeting with David Fugett and Dr. Thiessen.

- University employee handbook, particularly sections on employee tenure requirements for role changes.

- Documents relating to Dr. Shahram Taj performance and meetings with HR and Dr. Terry Parker.

- Meetings notes or recordings from August 21, 2024, Teams meeting with Bryan Brooks, Brad Thiessen, Allen Bottorff and Eunice Alberson.

C. Rule 1.280(c) Disclosure

Rule 1.280(c) requires a computation of any category of damages claimed by the disclosing party, and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents:

- Zaira Medina-Rodriguez earned approximately $62,325 annually with Defendant, based on her recollection. She will claim lost wages from the date of wrongful termination on August 21, 2024, through the date of a jury verdict in her favor, to be calculated based on documents obtained during discovery.

- Plaintiffs intend to seek pain-and-suffering damages in the maximum amount allowed by law based on the emotional distress, mental anguish, and personal impact of the discriminatory treatment and termination.

- Plaintiffs intend to seek compensation for lost benefits and pay increases, based on the benefits and pay increases they would have received through the date of a jury verdict had they remained employed.

- Plaintiffs intend to seek injunctive relief reinstating them and further in the form of an order directing Defendant to increase Plaintiffs' pay at the time of reinstatement and benefits to the same amount they would have received if they had remained employed.

- Plaintiffs intend to seek attorneys' fees and costs.

- Plaintiffs intend to seek injunctive relief ordering Defendant to make employer-side payroll contributions.

- Plaintiffs intend to seek injunctive relief ordering that any negative documents from their personnel files be removed.

12

D. Rule 1.280(d) Disclosure

Rule 1.280(d) requires disclosure of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment: None.

### CERTIFICATION OF SERVICE

A true copy of this document is being served on Defendant on May 23, 2025, through the Florida courts e-filing portal.

Respectfully submitted,

/s/ Jim Garrity

Jim Garrity [FBN 0539211]
MARIE A. MATTOX, P.A.
203 N. Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: Jim@JimGarrityLaw.com

--

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

**CASE NUMBER: 53-2025-CA-001620-A000-BA
04**

**MEDINA-RODRIGUEZ, ZAIRA
DIAZ, MELISSA VASQUEZ,**
    **Plaintiff,**

-vs-

**BOARD OF TRUSTEES, FLORIDA POLYTECHNIC UNIVERSITY,**
    **Defendant.**

---

**ORDER APPROVING AMENDED CIVIL CASE MANAGEMENT PLAN**

    **THE COURT** having reviewed the filed *Amended Civil Case Management Plan*, filed Monday, May 05, 2025, and finding it to be satisfactory, it is now

    **ORDERED** that all parties shall abide by the terms of the filed *Amended Civil Case Management Plan* with a projected trial period of June 2026.

    **ORDERED** in Bartow, Polk County, Florida on this Monday, May 26, 2025.

53-2025-CA-001620-A000-BA 05/26/2025 06:26:49 PM

_____

Michael McDaniel, Circuit Judge
53-2025-CA-001620-A000-BA 05/26/2025 06:26:49 PM

GARRITY JAMES
jim@jimgarritylaw.com
elizabeth@mattoxlaw.com
wanda@mattoxlaw.com

MATTOX MARIE A
marie@mattoxlaw.com
michelle@mattoxlaw.com
marlene@mattoxlaw.com

BOARD OF TRUSTEES, FLORIDA POLYTECHNIC
UNIVERSITY
4700 RESEARCH WAY
LAKELAND, FL 33805

--

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

ZAIRA MEDINA-RODRIGUEZ, and
MELISSA VAZQUEZ DIAZ,

     Plaintiffs,

v.                              Case No. 2025-CA-001620

BOARD OF TRUSTEES, FLORIDA
POLYTECHNIC UNIVERSITY,

     Defendant.

_____/

### DEFENDANT'S UNOPPOSED
### MOTION FOR ENLARGEMENT OF TIME

Pursuant to Florida Rule of Civil Procedure 1.090(b), Defendant, Board of Trustees of Florida Polytechnic University ("FPU"), by and through its undersigned counsel, moves this Court for an enlargement of time, up to and including July 1, 2025, to answer or otherwise respond to the Complaint filed by Plaintiffs Zaira Medina-Rodriguez and Melissa Vazquez Diaz ("Plaintiffs"). In support of this Motion, FPU states as follows.

    1.     Plaintiffs filed the Complaint on April 25, 2025.

    2.     Plaintiffs did not serve the Complaint on FPU until May 21, 2025.

    3.     Defendant's current deadline to file an answer or other response is therefore June 10, 2025.

    4.     Counsel for FPU has only recently been retained and needs additional time to investigate the facts and claims at issue.

5.      FPU requests an enlargement of time, up to and including July 1, 2025, to prepare an appropriate response to the Complaint and serve responses and objections to pending discovery requests.

6.      Rule 1.090(b) provides that "[w]hen an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion … may order the period enlarged if request therefore is made before the expiration of the period originally prescribed …."

7.      This Motion is filed in good faith and not for any purpose of undue delay.  If granted, this enlargement of time will not prejudice the parties or otherwise unduly delay these proceedings.

8.      Undersigned counsel conferred with Plaintiffs' counsel, and Plaintiffs' counsel stated that Plaintiffs do not oppose the extension requested by this Motion.

9.      FPU will separately file a proposed Order granting the requested enlargement in accordance with Administrative Order No. 1-61.1.  The parties agree that a hearing is not necessary for the Court to enter the proposed Order.

WHEREFORE, FPU respectfully requests that the Court grant an extension of time, up to and including July 1, 2025, to answer or otherwise respond to the Complaint.

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Fla. R. Civ. P. 1.202, I certify that prior to filing this Motion, I discussed the relief requested in this Motion by email on May 30, 2025, with Plaintiffs' counsel, and Plaintiffs are not opposed to the relief requested herein.

Respectfully submitted this 3rd day of June, 2025.

*/s/ Jason A. Pill*
Jason A. Pill, FBN 70284
Austin A. Laurienzo, FBN 1011546
Wesley Thorp, FBN 1039837
PHELPS DUNBAR LLP
100 South Ashley Drive - Suite 2000
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
jason.pill@phelps.com
austin.laurienzo@phelps.com
wesley.thorp@phelps.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 3, 2025, a true and correct copy of the foregoing was electronically filed using the Florida Court E-Filing Portal, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason A. Pill*
*Attorney*

PD.49651572.1

--

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**

ZAIRA MEDINA-RODRIGUEZ, and
MELISSA VAZQUEZ DIAZ,

       Plaintiffs,

v.                             Case No. 532025CA001620A000BA

BOARD OF TRUSTEES, FLORIDA
POLYTECHNIC UNIVERSITY,

       Defendant.

_____/

**PROPOSED ORDER GRANTING DEFENDANT'S**
**UNOPPOSED MOTION FOR ENLARGEMENT OF TIME**

THIS CAUSE having come before this Honorable Court on the Unopposed Motion for

Enlargement of Time filed by Defendant Florida Polytechnic University, and being advised of

the Parties' agreement to the relief sought and being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Florida

Polytechnic University's Unopposed Motion for Enlargement of Time is **GRANTED** as follows:

Defendant may file its answer or other response to the Complaint on or before July 1, 2025.

**ORDERED** in POLK County, Florida on Tuesday, June 10, 2025.

53-2025-CA-001620-A000-BA 06/10/2025 03:28:47 PM

_____

Michael McDaniel, Circuit Judge
53-2025-CA-001620-A000-BA 06/10/2025 03:28:47 PM

Copies provided to:

| | |
|---|---|
| Marie A. Mattox | marie@mattoxlaw.com |
| Jim Garrity | Jim@JimGarrityLaw.com |
| Jason A. Pill | jason.pill@phelps.com |
| Austin A. Laurienzo | austin.laurienzo@phelps.com |
| Wesley Thorp | wesley.thorp@phelps.com |